## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**MICAH RUFFIN, #128797**                                                   **PETITIONER**

**VS.**                                                         **NO.:5:11cv66-DCB-JMR**

**DANNY SCOTT**                                                              **RESPONDENT**
_____

### REPORT & RECOMMENDATIONS

This matter comes before the Court on the Respondent's Motion [4-1] to Dismiss Pursuant to § 2254(d), filed May 11, 2011. Petitioner did not file a Response. However, in the interest of justice, this Court entered an Order [11] to Show Cause on August 10, 2011 providing Petitioner a final opportunity to respond to the Respondent's Motion [4-1] to Dismiss. Again, Petitioner did not file a response. Having considered the Respondent's Motion [4-1], along with the record and the applicable law, this Court finds that Respondent's Motion [4-1] is well-taken and should be granted. Accordingly, the petition in the above-captioned action should be dismissed.           .

### STATEMENT OF THE CASE

On April 12, 2007, the petitioner, Micah Ruffin, was convicted of capital murder and armed robbery and sentenced to serve life without parole for the capital murder conviction and a concurrent term of ten years for armed robbery in the custody of the Mississippi Department of Corrections. Ex. "A" Attach. to Motion [4-1] 1. Ruffin filed an appeal with the Mississippi Supreme Court, and the court affirmed his conviction and sentence by written opinion dated October 23, 2008. *Ruffin v. State*, 992 So. 2d 1165 (Miss. 2008); Ex. "B" Attach. to Motion [4-2]. Ruffin did not file a petition for writ of certiorari with the United States Supreme Court. On December 3, 2009, Ruffin filed an application for Post Conviction Relief ("PCR") with the Mississippi Supreme Court. Ex. "C" Attach.

to Motion [4-3]. The Mississippi Supreme Court denied Ruffin's PCR application by Order entered December 9, 2009. Ex. "D" Attach. to Motion [4-4]. On April 25, 2011, Ruffin signed the present Petition for Writ of Habeas Corpus, it was received and filed by the Clerk of Court on April 27, 2011. Pet'n. [1-1] 1, 9.

## **ANALYSIS**

The Respondent argues that Ruffin's habeas petition is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA provides that, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a petitioner's federal habeas petition must be filed before the expiration of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). This period begins from the "date on which the [state court] judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1). Thus, in "assessing the timeliness of a federal habeas petition," the date a judgment became final is critical. *Mark v. Thaler*, 646 F.3d 191, 192 (5th Cir. 2011). However, any properly filed state post-conviction petition will toll the statute of limitations as long as it remains pending. § 2254(d)(2); *Mark*, 646 F.3d at 192.

As Ruffin did not file a writ of certiorari with the United States Supreme Court, his conviction became final for purposes of § 2244(d)(1) ninety days after the state court decision, the time in which he could have sought certiorari, on January 21, 2009. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, in accordance with the AEDPA's one year statute of limitations, 28 U.S.C. § 2244(d)(1)(A), Ruffin's habeas petition was due by January 21, 2010. Unless Ruffin filed his habeas petition before the expiration of the one-year statutory period, he must rely on any properly filed state court motion for Post-Conviction Relief filed before January 21, 2010 to toll the limitation period.

A review of the record indicates that Ruffin signed his state court motion for Post-Conviction Relief on December 3, 2009. The Mississippi Supreme Court denied Ruffin's petition by Order on February 4, 2010. As a result, the limitations period was tolled sixty-three days, a period equal to the length of time that Ruffin's PCR application was pending before the state court. Therefore, Ruffin's federal habeas petition was due on March 25, 2010.

Under the "mailbox rule" a petitioner's pro se federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest Ruffin filed the instant petition was April 25, 2011, the date he signed the petition. Accordingly, Ruffin's petition was filed 396 days past the March 25, 2010 deadline. As Ruffin does not allege any exceptions to the one-year limit of 28 U.S.C. § 2244(d)(1)(A) that would warrant a tolling of the statute, the Court finds Ruffin's federal habeas petition is barred by AEDPA's one-year statute of limitations and should be dismissed with prejudice.

## **CONCLUSION**

Ruffin's federal habeas petition was due on or before March 24, 2010. The present petition was filed on April 25, 2011, 396 days past the statutory deadline. It is the recommendation of this Court that Ruffin's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate

Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the    20th    day of September, 2011.

                                s/ John M. Roper, Sr.
                        CHIEF UNITED STATES MAGISTRATE JUDGE